### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CR-21-252-SLP |
| ) | |
| ROBERT FISHER, ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

Before the Court is a letter [Doc. No. 46] received from Defendant which the Court construes as a motion requesting early termination of supervised release. The Government has responded, *see* Doc. No. 49, and opposes Defendant's request.

Defendant pled guilty to a two-count Indictment charging him with: Count 1 -- possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(8); and Count 2 -- possession of a firearm by a person convicted of a misdemeanor crime of violence, in violation of 18 U.S.C. § 922(g)(9). The Court sentenced Defendant to 14 months' imprisonment, with the sentences to be served concurrently, and three years of supervised release. *See* Doc. No. 41. Defendant has been under supervised release since November 14, 2023. *See* Doc. No. 45.

In support of his request, Defendant states that he has complied with all conditions of his supervised release. He further states that he has taken positive steps toward rehabilitation and that early termination would enable him to pursue additional job opportunities that require more flexible commitment or travel.

In response, the Government offers that having conferred with the United States Probation Office, it opposes early termination. Defendant violated the terms of his supervised release in July 2024, to include using marijuana and alcohol, and submitting a diluted urine sample. Defendant also failed to appear for random drug testing on two separate occasions. The Government acknowledges that Defendant has had no violations over the past 11 months and has maintained lawful employment since May 7, 2024. But given the serious nature of Defendant's offense, his history of domestic violence, and the fact that he has only been under supervision without violations for approximately a year, the Government opposes his request.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervision if, after considering certain factors under 18 U.S.C. § 3553, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion, the Government's Response and the factors set forth in § 3553, the Court finds that early termination of Defendant's term of supervised release is not warranted. The Court encourages Defendant to continue with the progress he has made during his period of supervision and to successfully complete the remainder of his term. But the Court finds early termination of Defendant's supervised release is not warranted at this time.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 46] is DENIED.

2

IT IS SO ORDERED this 22nd day of August, 2025.

                                                          SCOTT L. PALK
                                                          UNITED STATES DISTRICT JUDGE